LIN CHEN, Petitioner,

v.

Alberto R. GONZALES,* Respondent.

No. 03–4370–AG.

United States Court of Appeals, Second Circuit.

Feb. 1, 2006.

Karen Jaffe, Law Office of Karen Jaffe, New York, New York, for Petitioner.

McGregor W. Scott, United States Attorney for the Eastern District of California (Samantha S. Spangler, Assistant United States Attorney of the Eastern District of California, on the brief), Sacramento, California, for Respondent.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review be DENIED.

Petitioner Lin Chen, a citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of an immigration judge ("IJ") rejecting the petitioner's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (internal quotation marks omitted). In the present case, both the BIA and IJ decision rest on the same reasoning, so it matters not which decision we review.

Upon review of the record, we find that the IJ's adverse-credibility findings, relating principally to material inconsistencies and implausibilities in the record, were supported by substantial evidence. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam); *see also Zhou Yun Zhang v. INS*, 386 F.3d 66, 71 (2d

Cir.2004) ("Because [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."). With regard to Chen's CAT claim, Chen has not alleged, and the record does not demonstrate, that there is any likelihood that Chen would be physically harmed or even harassed if she returned to China. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004) (noting that persecution must "rise above mere harassment").

The petition for review is therefore DENIED. Having completed our review, the stay of removal previously granted in this petition is VACATED.